

101 Park Avenue, 17th Floor
New York, NY 10178
Tel 212.878.7900 Fax 212.692.0940
www.foxrothschild.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/9/2022____

ALEXANDER W. BOGDAN
Direct No: 212 878 7941
Email: ABogdan@FoxRothschild.com

December 9, 2022

Hon. Analisa Torres (**Via ECF and Email**)
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     ***Toro v. Moac Mall Holdings, LLC***, **1:22-cv-08326-AT**
        **Letter Motion to Stay Discovery Pending Decision on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Or In the Alternative, Adjourn the Deadline for the Parties to Submit a Proposed Case Management Order**

Dear Judge Torres:

      Pursuant to Paragraphs I(B) and I(C) of the Court's Individual Rules of Practice in Civil Cases, Defendant MOAC Mall Holdings, LLC ("MOAC"), respectfully requests that the Court stay all discovery in this action pending decision on MOAC's forthcoming motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, MOAC requests that the Court adjourn the deadline for the parties' joint submission of a proposed case management and scheduling order ("CMO") until such time as the Court has ruled on MOAC's forthcoming motion.

      On November 10, 2022, MAOC submitted a pre-motion letter requesting a conference to discuss MOAC's forthcoming motion to dismiss the Complaint of Plaintiff Luis Toro ("Plaintiff"; with MOAC, the "Parties") for lack of personal jurisdiction. *See* ECF No. 9. Plaintiff has alleged that he is visually impaired and that a website maintained by MOAC is not accessible to him, and as such violates the Americans with Disabilities Act, and New York State and New York City Human Rights Laws. As set forth in MOAC's pre-motion letter, MOAC will be filing a motion to dismiss for lack of personal jurisdiction as MOAC is a Delaware corporation, with its headquarters located in Minnesota, and does not offer products for sale to New York residents through its website. The Court has set a briefing schedule for MOAC's motion to dismiss that calls for the motion to be fully briefed by February 17, 2023. *See* ECF No. 15.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington
140624664.3



Hon. Analisa Torres
December 9, 2022
Page 2

## I. Background.

Pursuant to the Court's October 3, 2022 Initial Pretrial Scheduling Order, on November 28, 2022, the Parties submitted a joint letter requesting that a CMO not be entered in this case until such time as the Court has ruled on MOAC's forthcoming motion to dismiss. *See* ECF No. 11. On November 29, 2022, the Court ordered the Parties to submit a proposed CMO. *Id.* at 12. On December 5, 2022, the Parties jointly submitted a proposed CMO, in which the Parties requested that the Court delay the commencement of discovery until the Court ruled on MOAC's forthcoming motion to dismiss, and proposed that the discovery deadlines in this matter be based on the date the Court issued its order on MOAC's forthcoming motion. *Id.* at 13. On December 6, 2022, the Court issued an order requiring the Parties to submit a proposed CMO with specific dates identified as proposed deadlines in the Parties' proposed CMO. *Id.* at 14.

By this motion, MOAC requests that the Court stay all discovery in this matter or, in the alternative, adjourn the deadline for the Parties to submit a joint CMO until such time as the Court has ruled on MOAC's motion to dismiss as MOAC's forthcoming motion will raise significant threshold issues that may divest the Court of jurisdiction over this matter in its entirety. Plaintiff consents to MOAC's requested relief.

## II. A Stay of Discovery is Warranted.

Courts have discretion to stay discovery under the Federal Rules of Civil Procedure "for good cause shown." Fed. R. Civ. P. 26(c). "Good cause may be found where a party has filed a dispositive motion, the stay of discovery will be brief, and the opposing party will not be prejudiced by the stay." *See Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (Torres, J.) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). The Court has entered an Order setting a briefing schedule on MOAC's forthcoming motion to dismiss for lack of personal jurisdiction. Should the Court grant MOAC's motion, it will be dispositive of all issues in this case. The requested stay is for a short period of time, only until such time as the Court issues a ruling on MOAC's forthcoming motion. Plaintiff will not be prejudiced in any way by this limited stay of discovery. *See In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (holding requested stay was for a "short period of time" where defendants sought "to stay discovery until the adjudication of their motion to dismiss."); *see also Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) ("there is no reason to believe that Plaintiff[ ] would suffer prejudice for the short period of time . . . to . . . rule on the motion."). Indeed, Plaintiff has consented to a stay of discovery. !

In determining whether to grant a stay of discovery, courts consider the strength of the dispositive motion forming the basis of the requested stay, the breadth and burden of the discovery sought and the burden of responding to such discovery, the nature and complexity of the action, whether all defendants have joined in a request for a stay, the type of motion and whether it is a



Hon. Analisa Torres
December 9, 2022
Page 3

challenge as a matter of law to the allegations at issue, and the stage of the litigation. *See Boelter*, 2016 WL 361554, at \*4.  These factors all support a stay here.

"[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law." *Johnson v. N.Y. Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations omitted, collecting cases).  When considering the strength of the dispositive motion, the Court need not make a final determination on the merits of the party's claims but rather the motion must only present "substantial grounds for dismissal" or make a "strong showing" that the party is "likely to succeed on the merits." *Cota*, 2022 WL 767110, at \*1; *Spinelli v. Nat'l Football League*, No. 13-CV-7398, 2015 WL 7302266, at \*2 (S.D.N.Y. Nov. 17, 2015) (granting stay when "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss").  Stays of discovery are particularly appropriate where a dispositive motion raises threshold challenges to the court's exercise of jurisdiction.  *See, e.g., Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at \*4 (S.D.N.Y. Dec. 14, 1994) (staying discovery during the pendency of a motion to dismiss for lack of personal jurisdiction, finding that the motion if granted "might avoid the need for costly and time-consuming discovery"); *Boelter,* 2016 WL 361554, at \*5 (granting motion to stay discovery where, *inter alia*, the motion raised "substantial arguments" concerning the court's lack of jurisdiction). *Renois v. WVMF Funding, LLC*, No. 20CV09281 (LTS) (DF), 2021 WL 1721818, at \*1 (S.D.N.Y. Apr. 30, 2021) (citing *Boelter* and granting motion to stay where defendants' motion to dismiss "raise[d] threshold challenges to the Court's subject matter jurisdiction" and "would result in the dismissal of the entire action").

Here, the requested stay is supported by "substantial grounds for dismissal" which go to threshold jurisdictional questions as set forth in MOAC's pre-motion letter.  *Boelter*, 2016 WL 361554, at \*4.  Plaintiff's Complaint is similar to others where courts in this district have dismissed complaints alleging website accessibility violations brought against foreign corporations that did not do business in New York.  *See, e.g, Diaz v. Kroger Co.*, No. 18-cv-7953 (KPF), 2019 WL 2357531, at \*7 (S.D.N.Y. June 4, 2019) (dismissing complaint brought by a Bronx resident against an Ohio-based supermarket chain for lack of personal jurisdiction because the "Defendant does not sell, through the Website, goods or services to New York residents."); *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-cv-11197 (KPF), 2020 WL 7480619, \*8-9 (S.D.N.Y. Dec. 18, 2020) (dismissing complaint brought by a Suffolk County resident against a Nebraska furniture retailer for lack of personal jurisdiction because the "Plaintiff has failed to establish that Defendant transacts any business in New York").  As granting Defendant's anticipated motion would lead to the dismissal of Plaintiff's complaint in its entirety, "ordering discovery to proceed at this time would result in an excessive burden." *Boelter*, 2016 WL 361554, at \*4.

As no CMO has been entered by the Court, no discovery request have been issued by the Parties.  However, absent a stay, the Parties will be required to serve and respond to requests for



Hon. Analisa Torres
December 9, 2022
Page 4

document production, interrogatories, requests for admission, and depositions in the coming months, and further bring any discovery disputes to the Court. MOAC should not be required to undertake the burden of engaging in the discovery process before the Court has made a threshold ruling as to whether MOAC may properly be sued in the Southern District of New York at all. As such, issuing a stay of discovery is appropriate here. *See, e.g., Boelter,* 2016 WL 361554, at *5 (granting motion to stay discovery where "ordering discovery to proceed at this time would result in an excessive burden on Defendant"); *Cota,* 2022 WL 767110, at *1 (granting stay where "Plaintiffs have yet to serve their discovery requests"); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (staying discovery before any discovery requests were served where pending dispositive motion could potentially "eliminate, the issues remaining in this case"); *Gandler* 1994 WL 702004, at *4 (staying all discovery pending the motion to dismiss for lack of personal jurisdiction as the motion "might avoid the need for costly and time-consuming discovery").

Further, the nature and complexity of this action, which will likely require the parties to retain experts to conduct time-consuming and expensive reviews of MOAC's website, supports a stay. As does the facts that MOAC is the only defendant in this action, is challenging Plaintiff's ability to bring its claims as a matter of law, and the litigation is still in early stages. *See, e.g., Boelter*, 2016 WL 361554, at *5 (granting stay where "Defendant's proffered grounds for dismissing the action pose strictly legal questions"); *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting motion to stay where "disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); *Johnson*, 205 F.R.D. at 434 ("[B]ecause the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is granted, until resolution of the motion to dismiss.").

## III.    Conclusion

For these reasons, MOAC respectfully requests that the Court issue an order staying discovery pending its resolution of MOAC's anticipated motion to dismiss, or in the alternative, adjourn the deadline for the Parties' submission of a joint proposed CMO until such time as the Court has ruled on Defendant MOAC Mall Holdings, LLC's motion to dismiss.

DENIED. By **December 14, 2022**, the parties
shall file a revised proposed case management
plan as described in ECF No. 14.

SO ORDERED.

Dated: December 9, 2022
     New York, New York

**ANALISA TORRES**
United States District Judge